**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

SANDRA K. WARD
A/K/A SANDRA K. NOLEN                                                                                    PLAINTIFF
ADC #704737

V.                                      NO: 3:09CV00041 BSM/HDY

CRAIGHEAD COUNTY JAIL *et al.*                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the

>   hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the McPherson Unit of the Arkansas Department of Correction, filed a *pro se* complaint, on March 30, 2009, alleging that she was the victim of an assault while she was in the custody of Craighead County Jail officials.

## I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief

may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Plaintiff alleges that she was in a circuit court elevator on January 30, 2009, in the custody of a county transport officer, when an unknown inmate who was also in the elevator sexually assaulted her by pulling her toward him, and then rubbing her hip when she stepped away. According to Plaintiff, she did not say anything at the time, because she was afraid and embarrassed. Plaintiff says she reported the incident when she returned to the jail. Even if true, Plaintiff has failed to state an actionable claim against any Defendant, and her complaint should therefore be dismissed.

As Defendants, Plaintiff has named the Craighead County Jail, and two Does, the transportation officer and the inmate. A county jail is not an entity subject to suit under § 1983. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Thus, Plaintiff's claims against the jail should be dismissed. Likewise the inmate is not a state actor, and not subject to suit under

§ 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

Clearly, an inmate is not acting under the color of any state law, and Plaintiff's complaint does not offer facts to suggest that the inmate was acting in concert with a state actor. Plaintiff's claims against the inmate should therefore be dismissed.

Finally, Plaintiff has named a county transport officer as a Defendant. As with the inmate, Plaintiff has not provided the transport officer's name. However, even if Plaintiff provided a name, her claims against the officer should be dismissed. Plaintiff's complaint does not allege any wrongdoing by the transport officer, nor does Plaintiff allege that the officer was somehow indifferent to her safety, or allowed the incident to occur or continue. Indeed, at the time of the incident, Plaintiff did not say anything, but waited until she returned to the jail to make a report. There is no indication that the transport officer even was aware of a problem. Accordingly, Plaintiff's complaint fails to contain facts that show she is entitled to relief against the transport officer.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   8   day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE